By the Court,
Roberton, Ch. J.
The referee has found in his report, as a fact, that the note sued upon/ was “ given upon the consideration of the discontinuance of a former action by the plaintiff against one of the defendants (L. Folsom,) the payment of costs therein, and an agreement to execute and deliver a satisfaction piece of a judgment obtained in such action* ” and that no such satisfaction piece was .obtained before the commencement of this action. This is entirely different from finding that such note was placed in the hands of any one, to become obligatory only upon the delivery of such satisfaction piece, or that it was delivered upon condition that such satisfaction piece should be furnished. It makes the consideration of the note to consist of a discontinuance of a former action, as well as an executory promise to deliver a satisfaction piece ; the payment of the costs, which was made by the defendant, forming, in fact, part of the consideration of such discontinuance and promise* and not of the note. That the referee understood and appreciated the force of the language *140 used by him, in speaking of the agreement to give a satisfaction piece as a consideration and not a condition, is evident, from his refusing in the same report any damages to the defendants for the non-delivery of such satisfaction piece, pursuant to such agreement, only because no demand had been made. The agreement thus made to deliver a satisfaction piece must be construed in law to have been to do so on . demand, or within a reasonable time, or immediately. In any event, it would be a promise to be performed before the note became due, and damages for its non-performance could be recovered before that time.
The consideration for the agreement on the part of the defendants, when the note in question was given, consisted, therefore, not only in the giving of the satisfaction piece, but the discontinuance of the suit, which included proceedings on an appeal from the original judgment. That was done, and the defendants had the benefit of it, one as principal, and the others as sureties. The contract was entire on both sides, and the giving of the satisfaction piece could not be said to be the separate and only consideration for the note, any more than such note could be said to be the separate and only consideration for the satisfaction piece. The consideration, therefore, for such note never wholly failed, so as to place the parties back in the same situation, precisely, in which they were before it was given. The defendants had also reaped the benefit of being relieved from the prosecution of their appeal. Substantially, they had all the benefit of a discharge of the action, except the removal of the apparent lien of the judgment on any real estate. The attorney 'of the plaintiff (Mr. Roe) testified that a consent, signed by the attorney of the defendant Folsom, in such former suit, was, he thought, a copy of a consent which he gave the defendant, by which it was consented that the judgment in question “be canceled and discharged of record, the same having been settled by the defendant.” This, although not in the usual form, if properly acknowledged, would have answered for a satisfaction piece. It cannot be said, therefore, that the defendants reaped no *141 benefit from the performance of the terms of the agreement, and that the consideration of the note entirely failed so as to let it in as a defense. For the partial failure thereof, and the non-performance of the plaintiff’s promise, the defendant Folsom had a remedy by a separate action, of which he sought to avail himself in this by a counter-claim, but failed in consequence of not proving a demand. (1 Parsons on Notes and Bills, 203, 207, 211, and notes. Spiller v. Westlake, 2 B. & Ad. 155. Freligh v. Platt, 5 Cowen, 495.)
The evidence on the part of the plaintiff was the testimony of his attorney, who stated that the defendant L. Folsom handed him the note in 'suit, and he at the time delivered to Folsom the consents before spoken of in regard to the discontinuance of-the former action, and satisfaction of the judgment in it, and agreed to send to the plaintiff and get a satisfaction piece of the judgment. The testimony of the defendant L. Folsom, somewhat conflicted with this statement; he admitted that some paper was signed by the plaintiff’s attorney and given to him at the time of the settlement, which he had sent to Maine. He did not, however, state its contents, nor did he deny that the plaintiff’s attorney had signed the consents in the form stated by him. He only stated that he asked such attorney “if he would settle and stop the suit, keep the money and note until he got the satisfaction piece.” He had then given the note and the money. This, which was denied by the plaintiff’s attorney, if it expressed the terms of the agreement, would have made the delivery of the note conditional until such satisfaction piece was delivered. The-referee chose to take the version of the transaction given by the plaintiff’s attorney, and came to an erroneous conclusion of law upon it. We must take the facts to be as he found them, and on that basis the report -and judgment were erroneous.
The judgment must be reversed, and a new trial had, with costs to abide the event, the order of reference to be discharged unless both parties elect to retain it.