FRANCIS SHERIDAN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

A plaintiff, suing upon an assigned claim, is the real party in interest, under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the demand; the defendant has no legal interest to inquire whether the transfer was an actual sale or merely colorable, or whether a consideration was paid therefor. While such an inquiry may become material if the rights of creditors are involved, or when some defence or counter-claim against the assignor is sought to be interposed, it constitutes no defence on the ground that the plaintiff is not the real party in interest.

In an action upon an assigned claim, plaintiff's counsel requested the court to direct a verdict for plaintiff; the court denied the request, submitting, however, to the jury simply the question as to the right of the plaintiff to maintain the action, and charging that if the transfer was "a sham instrument," plaintiff should be defeated, if not, that he was entitled to recover. Plaintiff's counsel excepted to the refusal to direct a verdict. *Held*, that the exception was sufficient to present the question as to plaintiff's right to maintain the action.

*Sheridan* v. *The Mayor* (8 Hun, 424) reversed.

(Argued December 19, 1876; decided December 22, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of defendant, entered upon a verdict. (Reported below, 8 Hun, 424.)

This action was brought originally by Morgan Jones upon an account for work done for, and materials furnished to, defendant; pending the action the claim was assigned by him to plaintiff, who was substituted as plaintiff.

The facts sufficiently appear in the opinion.

*Charles P. Shaw* for the appellant. The court erred in submitting to the jury the question whether plaintiff was the real party in interest or owner of the claim in suit. (*Lomer* v. *Meeker*, 25 N. Y., 361, 363; *Satterthwaite* v. *Vreeland*, 48 How., 511; *Dolson* v. *Arnold*, 10 id., 528; *Bostwick* v. *Mench*, 40 N. Y., 385; *Mallory* v. *Horan*, 49 id., 117; *Powers* v. *Graydon*, 10 Bosw., 648; *Allen* v. *Brown*, 44 N.

Y., 228 ; *Stone* v. *Frost,* 61 id., 614 ; *Meeker* v. *Clayhorn,* 44 id., 347 ; *Cummings* v. *Morris,* 25 id., 627, 632 ; *City Bk. of New Haven* v. *Perkins,* 29 id., 554 ; *Brown* v. *Penfield,* 36 id., 476 ; *Aubrey* v. *Fiske,* id., 48 ; *Daby* v. *Erickson,* 45 id., 789 ; *Eaton* v. *Alger,* 47 id., 348 ; 2 Keyes, 43 ; *Richardson* v. *Mead,* 27 Barb., 178 ; *Brown* v. *Penfield,* 24 How., 64, 68.)

*D. J. Dean* for the respondent. The question of plaintiff's title to the claim in suit was properly submitted to the jury. (*Bixbie* v. *Wood,* 24 N. Y., 609 ; *Nelson* v. *Eaton,* 26 id., 410, 413 ; *Ruckman* v. *Pitcher,* 20 id., 9 ; 60 Barb., 349 ; *Kilmore* v. *Culver,* 24 id., 656 ; *Lounsbury* v. *Depew,* 28 id., 44 ; *James* v. *Chalmers,* 2 Seld., 209, 215 ; *Elwood* v. *West. Un. Tel. Co.,* 45 N. Y., 549.) Plaintiff's exception to the refusal of the court to direct a verdict was too indefinite to be available. (*Requa* v. *Rochester,* 45 N. Y., 129 ; *Ayrault* v. *Pacific Bk.,* 47 id., 570 ; *Walsh* v. *Kelly,* 40 id., 556.)

CHURCH, Ch. J. The only question submitted to the jury was whether the plaintiff was the real party in interest. A written assignment, properly executed and acknowledged before a proper officer, was produced in terms transferring absolutely for a valuable consideration the demand in suit from Morgan Jones to the plaintiff, and proof was made of the delivery thereof by the former to the latter. As to these facts there was no dispute, nor could there be any dispute that the plaintiff held the legal title to the demand. The learned judge submitted the question to the jury in this language : "If you believe from the evidence that the real party in interest in this suit is Morgan Jones and that this is a sham transaction, then I think the plaintiff should be defeated in the action."

Precisely what the learned judge meant by a sham transaction, as applied to the transfer of the demand, is not very apparent, but I infer from this and other parts of the charge that he intended to charge, that although a legal title to the claim was transferred to the plaintiff and the assignment was

valid as against the assignor, yet if the jury believed that the transaction was colorable, that is, that by any private or implied understanding the transfer was not intended as *bona fide*, or an actual and real sale of the demand as between the parties, the plaintiff could not recover. In this, with great respect, I think the learned judge erred. A plaintiff is the real party in interest under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the demand. The defendant has no legal interest to inquire further. A payment to, or recovery by, an assignee occupying this position, is a protection to the defendant against any claim that can be made by the assignor: In this case, from the undisputed facts, the defendant would be protected if it paid to the assignee or if a recovery was had against it by him. No question was made and none submitted to the jury as to the execution or delivery of the assignment, and conceding that the circumstances were such as to justify the jury in finding that it was colorable as between the parties, yet that would constitute no defence on the ground that the plaintiff was not the real party in interest. Such an inquiry might become material if the rights of creditors were involved, or upon the right of interposing some defence or counter-claim against the assignor. Nor is it of any moment that no consideration was paid for the demand by the assignee. The assignor could give the demand to the plaintiff, or sell it to him for an inadequate consideration, or without any consideration. It is enough if the plaintiff has the legal title to the demand, and the defendant would be protected in a payment or recovery by the assignee. It is not a case of *mala fide* possession which the defendant can avail itself of, as if a thief should bring an action upon a promissory note which he had stolen. These views are well settled by authority. (44 N. Y., 231; 61 id., 614; 27 Barb., 178; 38 id., 579; 29 N. Y., 554; 15 Wend., 640.)

As before remarked, there was no question as to the making and delivery of the assignment, and the remarks of the learned judges at General Term, therefore, as to when and under what circumstances a jury is or is not justified in find-

ing contrary to the evidence of one or more witnesses, has no application to the question involved in this case, viz. : the *bona fides* as between assignor and assignee of the transfer Suppose after the trial of this action the assignor had commenced an action. The defendant, by proving the making and delivery of the assignment to the plaintiff, could have defeated the action on the ground that he was not- the party in interest, and I apprehend he would not have been permitted to show that the transfer was not as between them an actual *bona fide* sale, and the result might be that, although the defendant. justly owed the debt, it would avoid liability because no one had a right to prosecute. The Code never anticipated such a result.

The remaining question is whether there was a sufficient exception. The plaintiff's counsel requested the court to direct a verdict for the plaintiff, which was refused, and an exception taken. The learned judge in effect ac uiesced in the request, except as to the right of the plaintiff to maintain the action. He stated to the jury "that the only real issue which appears to be raised by the pleadings and the proof is, whether this plaintiff is the real party in interest." And, assuming as we must for the purposes of that question, that the court was right on the general merits, the exception to the refusal to direct a verdict presented this point only, and was sufficient. Under the charge as made, the exception, although not quite orderly in form, was pointed only to the right of the plaintiff to maintain the action. We do not intend to express any opinion upon the merits of the case, or upon any question relating to the merits. There may be a good defence to the action, but from the facts appearing on this trial, a defence cannot be sustained on the ground that the plaintiff is not the real party in interest.

The judgment must be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.