## TOWN OF ANDES v. MILLARD et al.

### (Circuit Court, D. Connecticut. November 16, 1895.)

### No. 848.

JUDGMENT—IMPEACHING FOR COLLUSION.

Certain bonds issued by the town of A. were held by the state court of last resort to be void. After this decision the attorney for certain bondholders represented to the supervisor of the town that he had made a bona fide transfer of the bonds to a nonresident of the state, which would give the federal courts jurisdiction of a suit upon them, and make it possible to obtain a decision of the United States supreme court as to their validity. Thereupon, at the request of the attorney, the supervisor stipulated not to question the citizenship of the plaintiff in the proposed action, nor the sales to her, and not to claim that the action was collusively brought. Accordingly, upon the trial, these defenses, though raised by the answer, were waived, and judgment was rendered against the town, and affirmed by the supreme court. Afterwards the town filed a bill in the federal court in the state where the plaintiff in the action on the bonds resided, alleging that such plaintiff was not the real owner thereof, but that the same were transferred to her collusively, to enable her to bring an action, and asking to have the judgment set aside, or the plaintiff enjoined from collecting it. *Held*, that though, if the facts had been brought to the attention of the court on the trial of the action on the bonds, it might have been justified in dismissing such action, yet no court could, after final judgment, declare such judgment void, either for the falsity of allegations which might have been controverted on the trial, or for fraud consisting merely of the representations of the attorney as to the facts of the case.

This was a suit by the town of Andes, N. Y., against Mary E. Millard and others to vacate a judgment or enjoin its collection. The defendants demurred to the bill. Sustained.

C. L. Andrus, for plaintiff.
John B. Gleason, for defendants.

TOWNSEND, District Judge. The bill herein alleges that the complainant, a town in the state of New York, was alleged to have issued bonds in aid of a railroad; that in 1883 the court of appeals of said state held said bonds to be void; that thereafter John B. Gleason, the attorney for certain bondholders, proposed to seek to enforce the collection of the coupons from said bonds in the federal courts, and that thereupon said attorney falsely and fraudulently represented to the supervisor of complainant that he had arranged for a transfer bona fide of said coupons to a nonresident of the state of New York, so that the federal courts could have jurisdiction of all actions thereon; that he would consolidate all such actions into one for a large amount, and thus enable the complainant, if defeated, to procure a review by the supreme court of the United States, and

also to avoid the necessity of defending a multiplicity of actions, provided this complainant would waive proof of title in the plaintiff in such action; that said supervisor, relying upon said representations, signed a stipulation stating that this complainant would not, in said action, "deny the citizenship of the plaintiff, nor the sales to him, nor claim that the action should be dismissed as collusively made or brought," and that "neither the plaintiff nor any person from whom he purchased shall be examined upon the subject of the sale to the plaintiff or the nature thereof." The bill further alleges that, although said stipulation was entered into without authority, yet that afterwards, upon the trial of said action in the circuit court of the United States for the Northern district of New York, this complainant, relying upon such representations, withdrew all and every issue as to the ownership of said coupons by the plaintiff therein, conceded the ownership thereof, and refrained from asserting the defense of nonownership of plaintiff, and want of jurisdiction in said court. It is admitted that said defense was originally put in issue in said suit. The bill further alleges that said plaintiff was not the owner of said coupons, but they were all owned by residents of the state of New York, and were collusively transferred to said plaintiff without consideration, solely for the purpose of bringing said collusive suit, and to give the court apparent jurisdiction; that this complainant was ignorant of said facts until long after the trial of said action and judgment therein against it, and the expiration of the time within which application for relief could be made in said circuit court; that immediately upon such discovery it brought a bill in the state court to vacate said judgment for want of jurisdiction and fraud, which bill was dismissed. The bill further alleges that by reason of said fraud this complainant was deprived of a good, valid, and effectual defense in said action; and that, if the defendant herein is permitted to proceed to the collection of said judgment, it will suffer irreparable injury; and prays that said judgment may be set aside, or that the respondent herein may be enjoined from attempting to enforce or collect the same, and for general relief. The defendants demur for want of equity in the bill.

It may be admitted that, if these facts had been brought to the attention of the court during the trial, the case would probably have been dismissed for want of jurisdiction. The attorney, upon being defeated in the state court, stated that he had arranged for an actual sale and transfer of the coupons to a nonresident, for the purpose of bringing suit in a federal court. It was admitted that they were bought after the decision in the state court was made, and with knowledge of that decision. It would be difficult to convince a trier that the real facts differ materially from those in Farmington v. Pillsbury, 114 U. S. 138, 5 Sup. Ct. 807.

Complainant claims that the judgment is absolutely void, and that defendants, after trying the suit on the merits in the circuit court, appealing to the supreme court of the United States, and being beaten in each court, may set aside the judgment on these grounds. I do not understand that this course is open to the defendants. If the court had ascertained these facts before final judgment, it might have

been its duty to dismiss the action without any request from either party; but after final judgment, and after all opportunity for appeal is past, I do not understand that a defendant may call upon the court which tried the case to review its action, and declare its judgment void, upon proof of the falsity of a necessary allegation in the pleadings which might have been controverted at the trial. Much less may any other court do so. In Fisher v. Shropshire, 147 U. S. 133, 146, 13 Sup. Ct. 201, the court says: "We are not prepared to hold that the circuit court should be deprived of jurisdiction at the suggestion of the party who voluntarily invoked it."

Complainant further claims that the enforcement of the judgment may be enjoined on the ground of fraud, the fraud being the statement out of court by the attorney for the prevailing party that certain allegations in his complaint as to the transfer of the choses in action were true. It is settled that false testimony, or suppression of the truth, in a trial of the action, would not have this effect, and neither would the oath of the party to the truth of the complaint. U. S. v. Throckmorton, 98 U. S. 61. I know of no authority for the proposition that a false statement out of court, to the effect that the allegations in the complaint are true, can be shown to prevent the enforcement of the judgment. Such statements can have this effect only where they affect the conduct of the case; as, for instance, if they have induced the defendant to default under a promise that his case would not be claimed for trial, or in consequence of deceit as to the amount to be claimed, etc.

The statement of the attorney for the bondholders that he would have the assignments made for the purpose of giving the federal courts jurisdiction, and the terms of the stipulation signed by the supervisor, as well as those signed by the attorney for the town, were sufficient to put the attorneys of this complainant on their guard, and to make it their duty to examine the facts before signing the stipulation. I think the facts stated show that the town was negligent in making the stipulation, and justify the inference that, if bringing the suit to the federal court was collusive, the town was a party to the scheme.

There is no allegation that the facts were not fairly tried and correctly found in the circuit court, and in the appeal from that court (Town of Andes v. Ely, 158 U. S. 312, 15 Sup. Ct. 954) the supreme court held that these bonds were valid. Therefore, even if this complainant was induced by false representations to refrain from raising the jurisdictional question, and has not been guilty of laches, it does not appear that it has suffered any damage by reason of said fraud.

The judgment herein sought to be vacated is only for the amount due from this complainant on account of said bonds. It is immaterial to whom this complainant pays said debt, so long as it pays it to the holder of said bonds or coupons, and is not liable to be sued by any one else thereafter. Bank v. Perkins, 29 N. Y. 554; Sheridan v. Mayor, etc., 68 N. Y. 30.

As no grounds are shown in the allegations of the bill which would justify the interposition of a court of equity, the demurrer is sustained.