(22 Misc. Rep. 113.)

## VAN DYKE v. GARDNER.

(Supreme Court, Appellate Term. December 29, 1897.)

1. ASSIGNMENT OF GUARANTY—CONSTRUCTION.
    Defendant sold and assigned a bond and mortgage to W., plaintiff's assignor, and also executed and delivered to W. an instrument guarantying the payment and collection thereof, and binding defendant to take a reassignment, and pay the amount due, after a certain date, if W. should so elect. In assigning this instrument to plaintiff after defendant's breach, W. referred to it merely as "a written guaranty of payment and collection * * * delivered to me," etc. In an action brought upon it by plaintiff, *held*, that this assignment covered the entire instrument referred to, and transferred W.'s right of action arising out of defendant's failure, upon notice and demand, to pay and take a reassignment of the mortgage.

2. REAL PARTY IN INTEREST.
    A plaintiff is the real party in interest, under Code Civ. Proc. § 449, if he claims under an assignment valid as against his assignor, and holds the legal title to the demand in suit. The defendant has no legal interest to inquire further.

Appeal from city court of New York, general term.

Action by Herbert Van Dyke against John M. Gardner. From a judgment (47 N. Y. Supp. 710) in favor of plaintiff for $1,337.75 and costs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

T. F. Hamilton and Henry M. Heymann, for appellant.
George Bell, for respondent.

DALY, P. J. The defendant, a lawyer, was sued by the assignee of his client, Emma D. Wadsworth, upon his agreement in writing, made March 1, 1894, to take from her a reassignment of a bond and mortgage which he had previously sold to her for $1,150, the amount

due thereon, and to pay her, upon such reassignment, at any time after April 1, 1895, the amount due upon the bond and mortgage, if notified not later than February 1, 1895. The complaint alleged notice from the assignor to defendant in December, 1894; demand by her of payment immediately after April 1, 1895, of the sum of $1,150, being the amount due on the bond and mortgage; the refusal of defendant to take the reassignment and pay the said sum; and the assignment by her to plaintiff of the demand and claim by reason thereof, and of the bond and mortgage. The defense was a denial of the amount due on the bond and mortgage, of the assignment to the plaintiff, and that any sum was owing from defendant to plaintiff; and an affirmative defense, alleging neglect of plaintiff's assignor, after request, to foreclose and collect the mortgage from the property covered by it, which the owners had suffered to become dilapidated and depreciated in value below the amount of the plaintiff's mortgage and prior incumbrances. The trial of the action resulted in a verdict in favor of the plaintiff for the full amount claimed, and interest, which was affirmed by the general term of the city court, and this appeal is taken in reliance upon certain exceptions taken at the trial: (1) To the exclusion of questions as to payments upon account of the bond and mortgage, and refusal to allow the jury to credit defendant with such payments; (2) the exclusion of proof tending to show that the plaintiff was not the owner of the bond and mortgage; (3) to the denial of the motions to dismiss the complaint on various grounds,—among them, "that there is no evidence in the case showing that the plaintiff has had transferred to him by Emma Duke Wadsworth, or is the owner of, the claim for damages by reason of the defendant's breach of the obligation to take a reassignment of the same." The plaintiff proved an assignment in writing from Emma D. Wadsworth, party of the first part, to him, as party of the second part, of the bond and mortgage mentioned in defendant's agreement, "with a written guaranty of payment and collection of said John M. Gardner duly delivered to me, and by me transferred to the party of the second part hereto," and produced and proved on the trial the said written guaranty, which was as follows:

"I do hereby guaranty the payment and collection of the within bond and mortgage, on which there is now due $1,150, and interest from March 1, 1894. I do hereby agree to take a reassignment from said Emma Duke Wadsworth of the same, and pay the amount due thereupon at any time after the 1st day of April, 1895, if she so elects, and so notifies me not later than February 1, 1895.
"March 21, 1894.                  Jno. M. Gardner."

The instrument thus described in the assignment as a "written guaranty" contained the agreement for a reassignment, and the whole instrument passed under such description. The words of description cannot be construed as limiting the transfer to so much, only, of the instrument as guarantied the mortgage,—no such intention being apparent from the context, or from any evidence in the case; and it was therefore to be inferred that the whole instrument was intended to pass. This is indicated by the words, "duly delivered to me, and by me transferred to the party of the second part." The assignment of the bond and mortgage carried with it the guaranty of

payment or collection, even if such guaranty had not been mentioned in the assignment. Stillman v. Northrup, 109 N. Y. 473, 17 N. E. 379; Craig v. Parkis, 40 N. Y. 181. As it would be superfluous, therefore, in the assignment, to make particular mention of the guaranty, such mention cannot be reasonably limited in effect as an assignment of the guaranty alone, for that passes with an assignment of the bond and mortgage. We must regard, therefore, the mention of the instrument in the assignment as referring to the agreement to take a reassignment, which would not pass by a transfer of the bond and mortgage, unless specifically mentioned. We may hold, consequently, that the assignment to the plaintiff relates, not only to the defendant's agreement to take a reassignment, but to that exclusively. This assignment of the agreement vested in the assignee the cause of action of the assignor for the breach of it, since there was no other right which could be conveyed by the assignment; the right of the assignor being exhausted by her notice and demand within the time limited by the agreement, and there surviving to be assigned nothing but her demand growing out of defendant's refusal to comply with such demand. Her intention, therefore, to transfer that demand, is to be inferred from her assignment of the agreement, which, except as a claim for damages for the prior breach, had no further vitality. It was her only interest in the agreement, and the whole interest of the assignor in the thing assigned passes by a complete assignment to the assignee. 2 Am. & Eng. Enc. Law (2d Ed.) 1084. It was not the case of a continuing contract, the assignment of which does not transfer a right of action for a previous breach. Love v. Van Every, 18 Mo. App. 196; Van Driel v. Rosierz, 26 Iowa, 575.

The denial to the defendant of the right to cross-examine plaintiff as to his ownership of the bond and mortgage was not error. The plaintiff had proved an assignment to himself from the owner, and thus had established the facts of assignment and ownership set out in the complaint, and denied by the answer. A valid assignment having been established, the defendant had no legal interest to inquire further. Sheridan v. Mayor, 68 N. Y. 30; Greenwood v. Marvin, 111 N. Y. 440, 19 N. E. 228. If the defendant had notice of a transfer by plaintiff of his interest to any other person before the commencement of his action, he should have set up the defense that plaintiff was not the real party in interest, and pleaded the facts to establish it.

The only remaining exceptions by defendant that require to be noticed are those with respect to rulings upon the subject of alleged payments by defendant upon account of the bond and mortgage of which he was to take the reassignment. He claimed the right to show such payments under his denial that the sum claimed by plaintiff and his assignor remained due thereon at the time of the notice and demand by the latter upon him. But while the trial judge sustained, in the first instance, an objection to the question put to defendant, "How much money have you paid on account of this bond and mortgage?" it appears from the record that defendant was subsequently allowed to go fully into the matter, and to state all he had to say on the subject, from which it conclusively appeared that he had made no payments on account of these instruments. He at one time claimed

to have made a payment of $300 thereon, but it was shown that the only advance of that amount by him to his client, for which a voucher was produced, in the form of a note dated November 10, 1894, was a loan on the security of another mortgage (for $1,000) that he had sold to her. He then testified that he had given her $300 at another date (May, 1895), but as to that he expressly stated that it was applied on the same $1,000 mortgage; and he further testified that when, at that time, the plaintiff's assignor asked him if he was in a position to let her have the money on the $1,150 mortgage, he told her that the mortgage was good, but that she had not notified him that she wanted the money; that notice was necessary under the agreement; that he was responsible under his guaranty, but that, if she did not proceed to foreclose, she would lose her rights against him as guarantor. He further showed, beyond question, that, instead of paying anything on account of the mortgage, he repudiated any liability under the agreement to take a reassignment when the money was demanded by the assignor, and also when it was demanded by the assignee; putting his repudiation squarely on the ground that notice had not been given him within the time limited by the agreement. The ruling of the trial judge, therefore, worked no injury; and the subsequent refusal to submit the question of payment to the jury was proper, since it appeared that no payment had been made.

Judgment affirmed, with costs. All concur.