BROWN v. POWERS.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

REAL PARTY IN INTEREST—JUDGMENT.
    The defense that the plaintiff is not the real party in interest is not substantiated by showing that the plaintiff holds an assignment of the judgment sued on from the person who recovered it, merely as a matter of convenience in obtaining the relief desired, since all the interest of defendant is to know the plaintiff has the legal title, and that recovery or satisfaction by him will bar all claims by others.

Action on a judgment by Charles E. Brown, trustee, against John Powers. Verdict directed for plaintiff, and motion made for new trial on exceptions to be heard in first instance at appellate division. Exceptions overruled.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George C. Lay, for the motion.
S. P. Stillman, opposed.

McLAUGHLIN, J. This action was brought upon a judgment recovered on the 25th of September, 1878, by the Eleventh Ward Bank against the defendant; the plaintiff alleging that he is the assignee of the judgment creditor by written assignment, a copy of which is annexed to, and made a part of, the complaint. The defense relied upon is that the plaintiff is not the real party in interest; that while the judgment has, in form, been assigned to the plaintiff, it nevertheless, in fact, is owned by the bank; also that there is another action pending, brought by the bank against the defendant and others, to recover upon the same judgment.

Upon the first trial it appeared that on the 14th of February, 1896, the bank, as the then owner and holder of the judgment, brought a judgment creditor's action against the defendant and others to set aside a deed of conveyance of land, on the ground that the same was fraudulent as to creditors. On the 25th of September of the same year, and while that action was pending and undetermined, the bank assigned the judgment to this plaintiff, who thereupon brought this action to recover the amount of the judgment, together with interest thereon from the date of its entry. It also appeared that the plaintiff is the cashier of the bank, and that the assignment of the judgment to him was for the convenience of the bank, "as a more

convenient way to get the relief desired" than could be obtained in the action which it had brought. At the close of the trial, substantially the foregoing facts having been made to appear, both parties moved for the direction of a verdict, and the learned trial justice thereupon gave judgment for the plaintiff for the amount claimed in the complaint, and directed that the defendant's exceptions be heard, in the first instance, at the appellate division.

We are of the opinion that in thus directing judgment no error was committed. The judgment which the bank held had, by an assignment in writing, been duly assigned to the plaintiff, and at the commencement of the action and at the time of the trial he had a valid transfer of it, and as such had a legal right to maintain the action upon it. He was the legal owner of it, and therefore was the real party in interest, within the meaning of section 449 of the Code of Civil Procedure. A payment to, or recovery by, him of the judgment would protect the defendant against any claim which might be made against him by the bank or any other person by reason of the judgment. What the consideration may have been, as between the plaintiff and the bank, as the cause or basis of the assignment, did not concern the defendant. The bank had the right, so far as the defendant was concerned, to give the judgment to the plaintiff,—to sell it to him for any consideration that he saw fit,—or to place him in a position where he could collect it for the bank. All that affected the defendant—and this was the extent of his right of inquiry—was that the legal title to the judgment was in the plaintiff, so that a payment to, or satisfaction by, him would be a full and complete satisfaction as to all others who theretofore had, or might thereafter claim, an interest in it. Sheridan v. Mayor, etc., 68 N. Y. 30; Hays v. Hathorn, 74 N. Y. 486; Considerant v. Brisbane, 22 N. Y. 389; Cummings v. Morris, 25 N. Y. 625. The Sheridan Case is directly in point. There action was brought originally by one Jones, upon an account for work done for, and materials furnished to, the defendant. Pending the action, the claim was assigned by Jones to the plaintiff, and in the action prosecuted by him the question litigated was whether he was the real party in interest. There, as here, a written assignment, duly executed and acknowledged, was produced, in terms transferring absolutely, for a valuable consideration, the demand in suit. As to the execution and delivery of the assignment there was no dispute, and the case was submitted to the jury to determine whether the assignment was made in good faith, with instructions that if it were not, or if there were not an actual and real sale, the plaintiff was not entitled to recover. An exception was taken to such instruction. The defendant had a verdict, and the court of appeals, reversing the judgment entered thereon, speaking through Church, C. J., said:

"I think the learned judge erred. A plaintiff is the real party in interest, under the Code, if he has a valid transfer as against the assignor and holds the legal title to the demand. The defendant has no real interest to inquire further. A payment to or recovery by an assignee occupying this position is a protection to the defendant against any claim that can be made by the assignor. * * * Nor is it of any moment that no consideration was paid for the demand by the assignee. The assignor could give the demand to the

plaintiff, or sell it to him, without any consideration. It is enough if the plaintiff has the legal title to the demand, and the defendant would be protected in a payment or recovery by the assignee."

Here the plaintiff had the legal title to the judgment, and, as already indicated, a payment to, or satisfaction by, him of the judgment would protect the defendant, and, this being so, he had no right to inquire further.

The exceptions should be overruled, the motion for a new trial denied, and judgment ordered on the verdict, with costs. All concur.