CHARLES ROSENTHAL, Appellant, *v.* JACOB RUDNICK and NATHAN LAKIN, Composing the Firm of RUDNICK & LAKIN, Respondents.

*Cause of action based on an entry of judgment by default in violation of an agreement, when stated — an assignment of the claim carries the right to sue thereon — payment of a sum less than a debt in extinguishment thereof.*

A complaint in an action alleged that the defendants brought an action against a corporation to recover eighty-one dollars and thirty-eight cents claimed to be due for goods sold and delivered; that before the return day of the summons the corporation compromised and settled the claim in full by payment to, and the acceptance by, the defendants of seventy-eight dollars and thirty-two cents, including costs, upon an agreement that in consideration of such payments the defendants would discontinue the suit without further costs to the corporation; that, notwithstanding the settlement, the defendants on the return day of the summons took judgment by default and caused an execution to be issued against the corporation on which it was obliged to pay fourteen dollars and sixty-five cents and to incur other expenses; that the resultant cause of action was duly assigned by the corporation to the plaintiff prior to the commencement of the action.

*Held,* that the facts stated constituted a cause of action;

That the assignment of the claim to the plaintiff carried with it the right to maintain the action irrespective of the question of the consideration for such assignment;

That the rule that payment by a debtor of a less amount than the conceded debt will not extinguish a claim for the balance, although the portion paid was received under an agreement to accept it in full, did not apply, as the complaint contained no admission that the sum of eighty-one dollars and thirty-eight cents was due to the defendants from the corporation.

APPEAL by the plaintiff, Charles Rosenthal, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the defendants, entered on the 25th day of April, 1901, upon the decision of the court dismissing the complaint.

*John H. Durack,* for the appellant.

*Isidor Cohn,* for the respondents.

HIRSCHBERG, J. :

The complaint was dismissed upon the trial upon the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges in substance that A. Meyers & Sons Company was and is a domestic corporation, and the defendants were and are copartners residing and doing business in the city of New York; that on February 16, 1901, the defendants commenced an

action against the corporation in the Municipal Court to recover eighty-one dollars and thirty-eight cents, claimed to be due for goods sold and delivered; that thereafter and before the return day of the summons the corporation compromised and settled the claim in full by payment to and acceptance by the defendants of the sum of seventy-eight dollars and thirty-two cents, including costs, upon an agreement that in consideration of such payment the latter would discontinue the suit without further costs to the corporation; that the defendants nevertheless, on the return day of the summons, took judgment by default, and caused an execution to be issued against the corporation, on which it was obliged to pay fourteen dollars and sixty-five cents additional costs, and to incur other expenses; and that the resultant cause of action was duly assigned to the plaintiff herein by the corporation prior to the commencement of this action.

The facts constitute a cause of action. (*Bellows* v. *Folsom*, 2 Robt. 138.) A due assignment of the claim to the plaintiff carries with it the right to maintain the action irrespective of the question of the consideration for such assignment. (*Deach* v. *Perry*, 25 N. Y. St. Repr. 891, and cases cited; *Brown* v. *Powers*, 53 App. Div. 251.)

The appellant's counsel insists that it is undisputed that the plaintiff's assignor was indebted to the defendants in the sum of eighty-one dollars and thirty-eight cents, and cites authority in support of the proposition that payment by a debtor of a less amount than the conceded debt will not extinguish a claim for the balance, although the portion paid was received under an agreement to receive it in full. The complaint, however, contains no admission that a debt existed to the extent of eighty-one dollars and thirty-eight cents, but asserts only that that amount was claimed. On a trial it may appear that the amount of the claim was in dispute, and to such a state of facts the cases referred to could have no application. Whether they would apply even if the amount of the debt was undisputed cannot be determined without knowledge of all the facts and circumstances, and no opinion is expressed thereon.

The judgment should be reversed, and a new trial ordered.

GOODRICH, P. J., BARTLETT, WOODWARD and SEWELL, JJ., concurred.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event.