ROSENTHAL v. RUDNICK et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. ACTION—COMPROMISE BY AGREEMENT—CONSIDERATION—ACTION BY ASSIGNEE.
   Where, before the return day of a summons, defendant paid plaintiff a less sum than demanded, together with costs, on an agreement that the suit would be discontinued, but subsequently plaintiff took judgment, whereby defendant was obliged to pay additional costs, etc., an assignment by defendant of the cause of action, resulting from plaintiff's breach of the agreement, entitled the assignee to maintain an action thereon, irrespective of the consideration for the assignment.

2. SAME—PLEADING.
   A complaint alleged that plaintiff, having been sued by defendant for the recovery of a certain sum claimed to be due, paid defendant a less sum on an agreement that the suit would be dismissed, but that subsequently defendant took judgment, whereby plaintiff was obliged to pay additional costs, etc. Held that, as the complaint contained no admission that the original debt existed, but only that a sum was claimed, the rule that a payment by a debtor of a sum less than the debt will not extinguish a claim for the balance did not render the complaint demurrable as failing to state a cause of action.

Appeal from municipal court of New York.

Action by Charles Rosenthal against Jacob Rudnick and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and SEWELL, JJ.

John H. Durack, for appellant.

Isidor Cohn, for respondents.

HIRSCHBERG, J. The complaint was dismissed upon the trial upon the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges, in substance, that A. Meyers & Sons Company was and is a domestic corporation, and the defendants were and are copartners resident and doing business in the city of New York; that on February 16, 1901, the defendants commenced an action against the corporation in the municipal court to recover $81.38, claimed to be due for goods sold and delivered; that thereafter, and before the return day of the summons, the corporation compromised and settled the claim in full by payment to and acceptance by the defendants of the sum of $78.32, including costs, upon an agreement that in consideration of such payment the latter would discontinue the suit without further costs to the corporation; that the defendants nevertheless on the return day of the summons took judgment by default, and caused an execution to be issued against the corporation, on which it was obliged to pay $14.65 additional costs, and to incur other expenses; and that the resultant cause of action was duly assigned to the plaintiff herein by the corporation prior to the commencement of this action. The facts constitute a cause of action. Bellows v. Folsom, 2 Rob. 138. A due assignment of the claim to the plaintiff carries with it the right to maintain the action, irrespective of the question of the consideration for such assignment. Deach v. Perry (Sup.) 6 N. Y. Supp. 940, and cases cited; Brown v. Powers, 53 App. Div. 251, 65 N. Y. Supp. 733. The appellant's counsel insists that it is undisputed that the plaintiff's assignor was indebted to the defendants in the sum of $81.38, and cites authority in support of the proposition that payment by a debtor of a less amount than the conceded debt will not extinguish a claim for the balance, although the portion paid was received under an agreement to receive it in full. The complaint, however, contains no admission that a debt existed to the extent of $81.38, but asserts only that that amount was claimed. On a trial it may appear that the amount of the claim was in dispute, and to such a state of facts the cases referred to could have no application. Whether they would apply even if the amount of the debt was undisputed cannot be determined without knowledge of all the facts and circumstances, and no opinion is expressed thereon. The judgment should be reversed, and a new trial ordered.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.