ROSENTHAL v. RUDNICK et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. COMPROMISE OF ACTIONS—CONSIDERATION.
Where action was commenced on a disputed claim, and a compromise was effected whereby the defendant paid less than the full amount in consideration of the agreement of plaintiffs to discontinue the action without further costs, the payment constituted a sufficient consideration for the plaintiff's agreement.

2. SAME—ATTORNEY'S LIEN.
Plaintiff's attorney, by way of enforcing his lien, entered judgment against the defendant, whereby he was compelled to pay additional costs and expenses. Held, that the fact that the judgment was entered to secure the attorney's lien afforded no defense for plaintiffs' breach of contract.

3. SAME—ACTION FOR BREACH OF CONTRACT—ESTOPPEL.
The judgment did not operate as an estoppel to prevent the bringing of an action for a breach of the contract.

Appeal from municipal court, borough of Brooklyn.

Action by Charles Rosenthal against Jacob Rudnick and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and JENKS, JJ.

Herman A. Brand, for appellant.
Isidor Cohn, for respondents.

HIRSCHBERG, J. On the first appeal in this case we held that the facts stated in the complaint constituted a good cause of action. See Rosenthal v. Rudnick, 65 App. Div. 519, 72 N. Y. Supp. 804. The cause of action stated in the complaint was one for damages resulting from the settlement of an action after suit brought, with an agreement on the part of the plaintiffs in such action to procure a discontinuance of the suit, but which agreement was not carried out, judgment was entered in the action against the defendant therein, a corporation, and the debtor was consequently subjected to the payment of additional costs and expenses. On the first trial the complaint was dismissed on the theory that, inasmuch as the settlement was effected for less than the amount claimed in the complaint, the agreement to discontinue was without consideration. The judgment appealed from was sought to be supported upon the authority of the cases which hold that payment by a debtor of a less amount than the conceded debt will not extinguish a claim for the balance, notwithstanding the portion paid was received under an agreement to receive it in full. In reversing the judgment, we called attention to the fact that the amount of the debt was not conceded, and held that, if it was in dispute, the cases referred to had no application. It was further stated in the decision then announced that no opinion was expressed as to whether or not these cases would apply, even if it should appear that the amount of the debt was undisputed. On this, the second trial, it clearly appears that the amount of the claim was disputed, and the controversy between the parties was chiefly addressed to the terms of the alleged settlement. On the part of the

plaintiff it was claimed that his assignor, the corporation defendant in the suit which was settled, paid to the defendants herein, the plaintiffs in that suit, the sum of $78.32 in full payment of the action, which was brought to recover $81.38, and that such payments and settlement were upon the faith and credit of the engagement then made by the defendants herein that they would see their lawyer, and have the suit discontinued without further costs. On the part of the defendants it was claimed that no such agreement on their part accompanied the settlement, but that, on the contrary, the debtor agreed to see and settle with their lawyer. Oral evidence was given on either side in support of the respective claims, and the checks and receipt (one check being for $73.82 to cover the claim, and the other for $4.50 to cover costs and expenses) were offered and received in evidence. It is sufficient to say that they show without controversy that the amount of the claim was in dispute, and that even upon the defendants' contention a less amount was agreed upon and received in full for the claim than the amount sued for. Whether a judgment in favor of the defendants, based upon a finding that their version of the settlement was the true one, would be supported by the proof, we are not now called upon to determine. In a memorandum filed with the decision, the court below makes it clear that the judgment is not based upon a finding of the facts in defendants' favor, but upon a view of the law which is in conflict with our former decision, and which is equally erroneous in so far as it goes beyond the point then considered. A memorandum is as follows:

"I am not satisfied that either side told the exact truth, but, however that may be, no advantage or benefit passed to the defendants in consideration of their promise—assuming they had made one—to discontinue without further costs than those claimed by the plaintiff to be represented by the check for $4.50, and no valid contract was therefore proven. The plaintiff's assignor, so far as the proofs show, made no effort to vacate the judgment under which the costs, etc., complained of, were collected, and it is still of force and effect. That the attorney for the plaintiff had a right to enter such judgment, and enforce the same to extent of his lien, which could not be impaired by what the parties did after it attached, there can be no question; and that is what appears to have been done in this case. The defendants were liable for the costs in the suit, the amount of the claim being over $50, and the promise of defendant, if made, was a mere gratuitous undertaking; but I think the whole question should have been settled in the original action, and, so long as the judgment remains, it is a complete estoppel."

It is evident that no question of the attorney's lien or of his right to the costs is involved in this suit, nor is the plaintiff's claim herein affected in any way by the estoppel of the judgment obtained in violation of the agreement. The act which constitutes the violation of the agreement cannot operate for the benefit of the wrongdoer by way of estoppel. On the question of the validity of the contract, it is equally evident that if the defendants received $73.82 in payment of their claim, and $4.50 in payment of the costs and expenses of the suit which they had instituted, the payment to them of these sums furnished an adequate consideration for their agreement to procure a discontinuance of the action without further costs. The violation of the agreement enabled their attorney to subject the plaintiff's

assignor to further expense by reason of the existence of his lien and his claim for costs, which the defendants agreed, but failed, to satisfy and discharge. His act in entering judgment and collecting it was the defendants' act, for the purposes of this action. So long as the defendants refused to pay his claim, it is not obvious what relief the debtor could have obtained in the original action. The claim here is a simple one for damages for the breach of a valid contract, and to those damages the plaintiff is entitled, on any theory which admits the making of the contract and its breach. The judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered, costs to abide the event　All concur.