ROSENTHAL v. RUDNICK et al.

(Supreme Court, Appellate Division, Second Department.   June 12, 1903.)

1. PLEADING—EVIDENCE—ADMISSIBILITY.

A general release, purporting to discharge defendants from liability under an agreement involved in suit, is inadmissible in the absence of any averment of payment or discharge in the answer.

2. SAME—RELEASE—TAKING EFFECT AFTER TRIAL—USE ON TRIAL.

Where a release is executed to have effect on a date subsequent to the time of trial, it cannot be received in evidence to affect the matters in controversy.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Charles Rosenthal against Jacob Rudnick and another. From a judgment in favor of defendants, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Herman A. Brand, for appellant.

Isidor Cohn, for respondents.

HOOKER, J.   This case is now before this court for the third time.   In our first decision (Rosenthal v. Rudnick, 65 App. Div. 519, 72 N. Y. Supp. 804) it was held that the facts alleged in the complaint stated a good cause of action.   It was one for damages resulting from the settlement of an action after suit brought, with an agreement upon the part of plaintiffs in that action to procure a discontinuance of the suit, and which agreement was not carried out. Judgment was entered in the action against defendants therein, and the debtors were thereby subjected to additional costs and expenses. Upon the second trial, the justice who presided in the Municipal Court evidently disregarded the opinion of this court, and held that so long as the judgment in the original action remained, without an application having been made to vacate by the defendants, it was a complete estoppel against this plaintiff.   Mr. Justice Hirschberg, writing the opinion of this court upon the second appeal (Rosenthal v. Rudnick, 76 App. Div. 624, 78 N. Y. Supp. 415), pointed out that the finding in defendants' favor was upon the view of the law in conflict with the former decision, and the second judgment for defendants was reversed.

The facts in the case are fully set forth in the prior reported decisions, and it is therefore unnecessary for us to reiterate them at large. When the case went back for its third trial, it was submitted upon the evidence taken upon the former trial, except that the defendants, in addition to that evidence, offered a general release which purported to discharge the defendants from liability under the contract which formed the basis of this suit.   It cannot be said that its effect did not influence the trial court in his decision in defendants' favor, so that, if its reception was error, the judgment must be reversed on that ground.

An inspection of the pleadings discloses that the answer makes no claim of payment or discharge.   It is too well established to need

citation of authority that defense of payment or release must be pleaded in order to be available, and any evidence tending to show payment or general acquittance is not admissible, unless supported by proper allegations in the answer. It is to be observed, in addition to this, that the last trial was had upon the 9th day of January, 1903, and the release in question appears upon its face to have been dated and executed on the 14th of the same month. What its intended effect might have been under the circumstances we are not called upon to determine, and it is sufficient to say that it could have no effect upon the matters in controversy in this case at the time of the trial. Upon its face it is clearly the intention of the parties to the release that it shall not have any validity or effect until the 14th of January, and on the 9th of that month, when it was introduced in evidence, it had no inception or validity to operate as a discharge or release.

For these reasons, the judgment should be reversed and a new trial ordered, costs to abide the event. All concur.