### FRIEDMAN v. SCHULMAN et al.

(Supreme Court, Appellate Term. March 21, 1905.)

CONTRACTS—ASSIGNMENT—ACTION BY ASSIGNEE—INTEREST OF ASSIGNEE—DEFENSE.

> In an action by the assignee of a claim under an assignment valid on its face, the fact that the assignor testified that he did not know the plaintiff personally, and that he expected to receive the entire recovery if plaintiff succeeded, was no ground for a nonsuit.

Appeal from City Court of New York.

Action by Abraham Friedman against Herman I. Schulman and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

M. Meyers, for appellant.
H. Kuntz, for respondents.

O'GORMAN, J. The plaintiff, as assignee of one Govonor, sues for the breach by defendants of a written contract of employment made with said assignor. The assignment to the plaintiff is in writing, and duly executed and acknowledged. Upon the trial Govonor was called as a witness, and on cross-examination stated that he was a nonresident, that he did not know the plaintiff personally, and that he expected to get the entire recovery if plaintiff succeeded. Thereupon, upon motion of the defendant, the plaintiff was nonsuited upon the ground that the evidence did not prove that he was the owner of the claim. This ruling was erroneous. The plaintiff had a valid transfer as against his assignor, and held the legal title to the claim. The fact that the witness did not know his assignor was of no significance. As well might a deed be held to be invalid because the grantor had no previous acquaintance with the grantee. While the transaction as between the parties appears to have been merely colorable, yet that could constitute no defense on the ground that the assignee was not the real party in interest. Where an assignment is valid upon its face, a debtor will not be permitted to raise a question as to the consideration or the equities between the assignor and the assignee. Sheridan v. The Mayor, 68 N. Y. 30; Van Dyke v. Gardner, 22 Misc. Rep. 113, 49 N. Y. Supp. 328. The statements made by plaintiff's assignor on his cross-examination were significant only so far as they affected his credibility.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.