HUCK v. KRAUS.

(Supreme Court, Appellate Term.   June 1, 1906.)

1. EXECUTORS AND ADMINISTRATORS— POWER TO SELL PROPERTY.
    Under Code Civ. Proc. § 2717, declaring that, if an executor or administrator discover that the debts of the estate and legacies cannot be paid without a sale of the personal property, and the same may be sold, etc., an executor has a right, even without resort to the statute, to sell a chose in action belonging to the estate.
    [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 634, 635.]

2. BILLS AND NOTES—ACTION BY ASSIGNEE—REAL PARTY IN INTEREST.
    Where executors by a written assignment transferred a note payable to testator, the assignee was the real party in interest, and entitled to maintain an action on the note, though one of the executors testified that the estate was still interested in the note, and that, if a recovery should be had, it would inure to the benefit of the estate.
    [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1388.]

Appeal from City Court of New York, Special Term.

Action by Francis A. Huck against George J. Kraus.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Gifford, Hobbs, Haskell & Beard (William S. Haskell, of counsel), for appellant.

Steuer & Hoffman, for respondent.

GILDERSLEEVE, J.   The complaint in this action was based upon a promissory note, dated July 8, 1901, executed by the defendant to the order of one Robert Fulton, due October 8, 1901.  The complaint also set up the death of said Fulton in Illinois in May, 1905, the leaving by him of a last will, its admission to probate in that state, the appointment therein and subsequent qualification of one Rachel Fulton and one Geo. Beltzhoover as executors, and the assignment in writing by said executors of the note in question to this plaintiff.   The answer substantially admitted the making of the note, and denied the other allegations of the complaint, and alleged full payment as a defense thereto. Upon the trial one Ray Fulton was sworn as a witness for the plaintiff. She testified to the death of Fulton on May 27, 1905, and that the note was found among his papers.   The note was then offered and received in evidence without objection.   The witness then testified that the Robert Fulton named in the note was her husband, and that he was also called Robert Andrew Fulton.   An exemplified copy of the probate of the will, containing a copy of the will, the order admitting the same to probate, letters testamentary, and proof that they were in force from the time of their issue up to March 6, 1906, after the commencement of the action, and the written assignments of the note from Rachel Fulton and George Beltzhoover, "executors of the estate of Robert Andrew Fulton, deceased," was then offered and received in evidence without objection. Mrs. Fulton then testified that she was the Rachel Fulton named in the will, the letters testamentary, and the assignment, and the defendant

conceded that there had been no part of the note or interest paid to plaintiff, and that the interest amounted to $134. The witness also testified that up to the time of the assignment no part of the note or interest had been paid to her as executor. Upon cross-examination she testified that she had an interest in the claim "by being one of the executors of the will of my husband," and this notwithstanding that she had assigned the claim as one of the executors. She also testified that, if recovery was had against the defendant, she would be a part owner of at least a part of the judgment, and entitled to at least a part of the amount representing the payment made under the judgment. The following questions and answers were then asked and given:

"Q. Will you please tell us to what extent you are interested? (Plaintiff's Counsel: Objected to as not proper cross-examination. It has nothing to do with the case. Question allowed. Exception.) A. All the debts belonging to my husband belong to the estate, and I am naturally the estate. Q. And so the plaintiff is a part of the estate, for the purposes of this case? A. Yes, sir. Q. And if you get a judgment here it will belong to the estate? A. Yes, sir. Q. And the claim now belongs to the estate? A. Yes, sir."

The plaintiff then rested, and the defendant moved for a dismissal, upon the ground that the written assignment conferred no title upon the plaintiff, as it was in violation of section 2717 of the Code of Civil Procedure, and upon the ground that the plaintiff was not the owner of the claim, and that no claim passed to the plaintiff by virtue of the assignment, but that the claim is owned by the estate. This motion was granted, and an exception taken by the plaintiff, and from the judgment entered, dismissing the complaint, the plaintiff appeals.

The grounds set forth in the motion for a dismissal of the complaint are without merit. Section 2717, even if the same should be deemed applicable to the acts of a foreign executor, does not render a sale by an executor of an estate of a chose in action invalid. That section merely points out what must be done by an executor where there are not sufficient funds available with which to pay debts and legacies, etc. The right of an executor or an administrator to sell the property, choses in action, etc., of his decedent, without resort to section 2717, has never been questioned, and certainly could not be so questioned by a debtor of the estate. The written assignment of the note, made and executed by the executors, conferred upon the plaintiff the title to the note and a right to sue thereon, and was ample protection to the defendant as a debtor of the estate. The test of the validity of an assignment is set forth in Sheridan v. Mayor, 68 N. Y. 30, and Hays v. Hathorn, 74 N. Y. 486, 490:

"The plaintiff, having a written assignment of the claim to himself, valid on its face, obtained the legal title and was the real party in interest, notwithstanding the fact that the assignment was without consideration and merely colorable as between him and the original claimant." Sheridan v. Mayor, 68 N. Y. 30.

"It is sufficient to make the plaintiff the real party in interest if he have the legal title either by written transfer or delivery, whatever may be the equities between him and his assignor. To be entitled to sue he must now have the right of possession and ordinarily be the legal owner. Such ownership may be as equitable trustee, it may have been acquired without adequate consideration, but must be sufficient to protect the defendant, upon a recovery against him, from a subsequent action by the assignor." Hays v. Hathorn, supra.

The legal effect of the written assignment must therefore prevail over the mere conclusion of one of the coexecutors of the estate as to its interest in the proceeds of the note, if judgment is obtained and paid. Whatever equities may exist between the assignors and the assignee of the note cannot interest the defendant, nor defeat a recovery, so long as he is protected from any subsequent action if recovery is had in this.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.