### PROCTOR v. WARD et al.
### No. 1087.

Municipal Court of Appeals for the District of Columbia.

Argued July 16, 1951.

Decided Aug. 29, 1951.

Henry S. Goodman, Washington, D. C., with whom Charles W. Proctor, Washington, D. C., was on the brief, for appellant.

James F. Bird, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This appeal is from an order dismissing a complaint. The complaint alleged that defendants had previously filed suit in the same court against plaintiff, a lawyer, for services rendered for one of his clients; that service of process was not effected but plaintiff paid and defendants accepted the sum of $217.55 in settlement and defendants agreed to execute and deliver to plaintiff a praecipe withdrawing the suit; that defendants failed to withdraw the suit and instead caused an alias summons to be issued. In addition to these basic facts there were allegations that defendants had acted willfully, wantonly and maliciously, and had caused plaintiff grievous mental suffering, damaged his standing as a lawyer, and caused his credit to be impaired. The complaint sought "actual and/or punitive damages" in the sum of $3,000.

The complaint is an outstanding example of bad pleading. Apparently uncertain of his grounds the pleader attempted to jumble together a tort and a contract claim. The trial judge thought that the complaint attempted to state an action for malicious prosecution or abuse of process, but without deciding whether it did either, held that plaintiff's action, whatever it was, was premature because of the still pending previous action.

Appellant in his brief disclaims any action for malicious prosecution but says he has an action for either or both breach of contract and abuse of process.

In our opinion the complaint, poorly drawn as it is, states the elements of an action for breach of contract.[1] It shows a previous suit, an agreement to pay a sum of money in consideration of dismissal of the suit, the payment of the money and the refusal to dismiss the suit. A compromise agreement stands upon the same footing as other contracts and the debtor has rights under it as well as the creditor. Upon breach by one party the other party may bring an action for the damages caused by such breach.[2] The damages allowable are controlled by the rules relating to damages in contract actions.

The issuing of the alias summons, even though it constituted a breach of the agreement, did not constitute an abuse of process. The damage, if any, suffered by appellant, resulted from the failure of appellees to dismiss the suit and not from the issuing of the alias summons. The record does not show that this summons was served on appellant and at argument it was stated that it was not served. We have found no authority for holding that mere issuance of process which accom—

---

1. A complaint which states a claim ought not to be dismissed, although it may be subject to a motion to make more certain because of ambiguity and vagueness. McChesney v. Moore, D.C.Mun.App., 78 A.2d 389.

2. Swan v. Great Northern Ry. Co., 40 N. D. 258, 168 N.W. 657, L.R.A.1918F, 1063; Union Central Life Ins. Co. v. Imsland, 8 Cir., 91 F.2d 365; Restatement, Contracts, § 417.

plishes nothing constitutes an abuse of process.[3]

For the reasons stated above the order of dismissal must be reversed and appellant allowed to prove, if he can, the agreement, the breach, and his damages.

Reversed.

3. Cf. Restatement, Torts, § 682. Pearson v. O'Connor, D.C.D.C., 8 F.R.D. 432; Italian Star Line, Inc., v. United States Shipping Board Emergency Fleet Corp., 2 Cir., 53 F.2d 359, 80 A.L.R. 576; Bartlett v. Christhilf, 69 Md. 219, 14 A. 518; Beadle v. Friel, 320 Pa. 560, 183 A. 761.