PHILLIPS *v*. WORTHEN.

4-9848                                   251 S. W. 2d 118

Opinion delivered June 30, 1952.

Rehearing denied October 6, 1952.

*Lawrence E. Dawson,* for appellant.

*Jay W. Dickey,* for appellee.

ROBINSON, J.   This suit is one by an insurance company and its policy-holder against a third person, a set-

tlement and subrogation being involved. The cause was submitted to the trial court sitting as a jury and judgment was in favor of appellee Worthen, the third party.

Appellant Phillips and appellee Worthen, while each was driving his automobile, had a collision, and while still at the place of the accident, in the presence of Harold Bell, a State Trooper, they made a settlement whereby Worthen paid to Phillips $50. It is the contention of appellants that the $50 was paid by appellee only as a partial settlement made to indemnify Phillips for the loss he would suffer by reason of the deductible clause of his policy of collision insurance, and that it was not intended to protect appellee against any rights the insurance company might have by reason of the subrogation feature of the policy.

Phillips apparently had a policy of collision insurance having a $50 deductible clause. It is contended this policy has a subrogation clause whereby the insurance company is subrogated to the rights of the policy-holder. The policy was not put in evidence. There is a suggestion that the deductible clause was for $65 but that is not material here.

Subsequent to a settlement between Phillips and Worthen, the appellant insurance company made to appellant Phillips a loan in the sum of $226.30. The receipt Phillips gave for the money provides that he was to repay the loan only to the extent of any net recovery he might receive from anyone liable for the damages to the automobile. The receipt further states that no settlement had been made by Phillips with anyone responsible for the loss.

Appellee says he paid the $50 as a settlement in full so far as he was concerned; that he would not have paid anything if he had not so understood it. Appellee's testimony is corroborated by that of his brother, Martin Worthen, who was present at the time, and, also, by Trooper Bell. Mr. Bell testified:

"Mr. Phillips came and told me they had made a settlement; they had agreed to make a settlement and won-

dered if I would dismiss the charge if they settled it among themselves. I told them it would be satisfactory to me—if they had some kind of agreement made to keep it out of court I would dismiss my charges on it. They said, well, I believe, as well as I remember, they asked me to come—I am not sure, but I believe I did, I left the counter and went to the table and Mr. Worthen counted off $50 to Mr. Phillips as settlement, as I understood it, of the accident.''

Martin Worthen, brother of appellee, testified:

''Q. What did he pay the $50 for, Mr. Worthen, if you know?

''A. Well, it was to fix his car—what he asked for in settlement of the damage that was done to his car.

\* \* \* \* \*

''Q. What did Mr. Phillips say to Mr. Worthen?

''A. He told him he was satisfied.

''Q. Mr. Worthen, from the conversation that you heard between plaintiff and defendant in this lawsuit, do you understand your brother was paying $50 just to represent the actual amount that Mr. Phillips would have to be out as a result of that accident?

''A. Well, that wasn't discussed in those terms. He asked for $50 as a settlement, and, of course, we taken that that was all that it taken to satisfy him or naturally we wouldn't have paid it.''

There was substantial evidence to support the finding of the trial court that, at the time of the payment of the $50, the parties considered it a settlement in full. The finding of the trial court, sitting as a jury, on a question of fact will not be disturbed on appeal if there is any substantial evidence to support it. *Wallis* v. *Stubblefield,* 216 Ark. 119, 225 S. W. 2d 322.

We held in *Motors Insurance Corporation* v. *Coker,* 218 Ark. 653, 238 S. W. 2d 491, that a defendant should have to stand but one lawsuit growing out of one tort when the cause of action is in one person or those holding

through such person. The rule is the same where the defendant has made a settlement in full. In the Coker case, it was said:

"If it were otherwise, a defendant would not dare to settle a case for fear that, at a later date, someone would make another claim against him by reason of being subrogated to some right of the injured party, either through having paid a property damage claim, or loss of time claim, or accidental injury claim, or some other claim. In fact, even though the defendant may have paid a judgment in favor of the injured party, he would never know where he stood until the alleged tort was barred by the Statute of Limitations."

In the case at bar, there was submitted to the trial court the issue of whether there had been a settlement in full and the court's finding that such a settlement had been made is sustained by substantial evidence.

Affirmed.