HARVEY TYRE and SERVICE FIRE INSURANCE COMPANY, a corporation of the State of New York, Plaintiffs, v. MATILDA R. ANDREWS and JOSEPH W. L. ANDREWS, Defendants.

*(April* 21, 1954.)

HERRMANN, J., sitting.

*Samuel R. Russell* (of Tunnell and Tunnell) for the plaintiffs.

*Caleb M. Wright* for the defendants.

Superior Court for Sussex County, No. 137, Civil Action, 1953.

HERRMANN, J.:

This cause having come on for trial before the Court, trial by jury having been waived by the parties, and the evidence adduced by the parties having been duly considered, the Court makes the following:

*Findings of Fact*

1. On February 14, 1953, the defendant Joseph W. L. Andrews operated the automobile of the plaintiff Harvey Tyre

without Tyre's consent and the automobile was damaged as the result of the negligence of Andrews.

2. Andrews was a minor and his mother, the defendant Matilda R. Andrews, had signed his application for a driver's license. Accordingly, the negligence of the son is imputed to the mother. 21 *Del. C.* § 6105.

3. The automobile of Tyre was insured by the plaintiff Service Fire Insurance Company (hereinafter referred to as Service Fire) under a theft policy and a $50 deductible collision policy. Service Fire was notified of the accident and its agent investigated the accident on February 16, 1953. On that day, the agent advised Tyre that he could make claim under either the theft or the collision coverage; that if claim were made for theft it would be necessary to institute criminal proceedings against Andrews but that, if Tyre were willing to pay the initial $50, the loss could be paid by Service Fire under the collision coverage. The agent of Service Fire represented to Tyre that if the claim were paid under the collision coverage there would be no further proceedings against the defendants.

4. On February 16, 1953, Tyre signed a Proof of Loss under the collision coverage with the understanding that no further action, civil or criminal, would be taken against the defendants by Service Fire.

5. On February 17, 1953, Tyre obtained the payment of $50 from the defendant Matilda R. Andrews and delivered a release to her. It was the intention of the parties that this constituted a settlement of all claims and rights Tyre had against both defendants and that the defendants would be released from all liability for damages to Tyre's automobile.

6. On February 25, 1953, Service Fire made payment under the collision coverage.

7. Neither the defendants nor Tyre had notice or knowledge of the intention of Service Fire to assert subrogation rights until after February 25, 1953.

From the foregoing Findings of Fact, the Court reaches the following:

### Conclusions of Law

1. The plaintiff Tyre executed and delivered a valid general release to the defendants on February 17, 1953.

2. The plaintiff Service Fire could acquire no subrogation rights until February 25, 1953 when it made payment of the loss. See *First Nat. Bank, etc., v. Newark Fire Ins. Co.*, 118 *Pa. Super.* 582, 180 *A.* 163.

3. Service Fire acquired by subrogation only such right of action against the defendants as Tyre had on February 25, 1953. See 29 *Am. Jur.* "Insurance", § 1336.

4. Since Tyre had released the defendants from all liability on February 17, 1953, he had no right of action against them on February 25, 1953 and, therefore, Service Fire acquired no right of action against them by subrogation. See *Phoenix Ins. Co. v. Erie & W. Transp. Co.*, 117 *U. S.* 312, 6 *S. Ct.* 750, 29 *L. Ed.* 873.

5. The release executed and delivered by Tyre on February 17, 1953 bars the subrogation claim of Service Fire.

6. Neither of the plaintiffs may recover from the defendants.

Judgment will be entered in favor of the defendants for costs.