George H. MORRIS, Appellant,

v.

Helen C. BYRD and Congressional Insurance
Co., Appellees.

No. 1923.

Municipal Court of Appeals for the
District of Columbia.

Argued March 11, 1957.

Decided May 14, 1957.

Carroll F. Tyler, Jr., Washington, D. C.,
for appellant.

Louis J. Lombardo, Washington, D. C.,
with whom E. Willard Hyde, Washington,
D. C., was on the brief, for appellee Congressional Ins. Co.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant filed a complaint against appellees[1] seeking damages for "breach of
release." Congressional Insurance Company moved for summary judgment, which
was granted. This appeal followed.

The facts alleged may be summarized
briefly. In December 1955 a collision occurred between the vehicles of Helen C.

[1.] Helen C. Byrd was never served with
process and did not enter an appearance,
nor is she a party to this appeal al-

though her name appears on the record
as an appellee.

Byrd and appellant. Mrs. Byrd filed a claim under her $50.00 deductible automobile collision insurance policy with Congressional, which was paid. Congressional, as subrogee, then brought suit, naming Mrs. Byrd as party plaintiff; the answer alleged that Mrs. Byrd and appellant had executed mutual releases which were filed with the Safety Responsibility Section of the Department of Vehicles and Traffic. This suit was later dismissed by Congressional. Thereafter appellant commenced the present action and Congressional moved for summary judgment, supporting its motion with affidavits alleging that it had had no notice of Mrs. Byrd's release to appellant until the filing of his answer in the prior suit; that it had expected to prove at trial that appellant was aware of its subrogated rights at the time the releases were executed; that their sole purpose was to allow the parties to retain their respective vehicle registration certificates and driving permits; and that it dismissed its suit only because of the lack of cooperation on the part of Mrs. Byrd, whose testimony was vital to its case. Appellant opposed this motion but filed no controverting affidavits.

Appellant's position was that Congressional, by initiating the prior action against him after execution of the mutual releases, breached the release contract and the implied covenant not to sue; consequently, it should have been liable to him in damages. He argues that Congressional, as subrogee, could acquire only the rights which its insured enjoyed, and since the release would have been a complete bar to any action on the part of either the insured or the insurer, then both must be responsible to him for the "breach." We cannot agree.

■ If a party to a release and settlement agreement breaches that contract by subsequently filing suit on the compromised claim, such a party renders himself liable in damages for the breach.[2] It is clear, however, that this rule has no application to Congressional for, as its uncontroverted affidavits indicate, it was not a party to the release, never consented to its execution, and did not receive any consideration for it. We hold that Congressional did not "breach" the contract of release by virtue of its suit against appellant, because it was not a party thereto.

■ It should also be noted that since Congressional's uncontroverted affidavits assert that in its suit it could have proven appellant had knowledge of its subrogated rights when the releases were executed, the release would not have been a bar to the initial action[3] and thus commencement of the suit was not a breach of the release.

■ Finally, although the point has not been urged upon us, we have considered the question of whether the complaint, while sounding in contract, nevertheless pleaded facts sufficient to state a cause of action for malicious prosecution or abuse of process. We conclude that it did not.[4]

Affirmed.

2. Proctor v. Ward, D.C.Mun.App., 1951, 83 A.2d 281; Bayley v. Lewis, 1951, 39 Wash.2d 464, 236 P.2d 350; Rosenthal v. Rudnick, 1901, 65 App.Div. 519, 72 N.Y.S. 804.

3. Bahn to Use of Farm Bureau Mut. Auto. Ins. Co. v. Shalev, D.C.Mun.App.1956, 125 A.2d 678.

4. Davis v. Boyle Bros., D.C.Mun.App., 1950, 73 A.2d 517; Goodall v. Frank R. Jelleff, Inc., D.C.Mun.App.1957, 130 A.2d 781.