Vincent E. SOPER, Appellant,

v.

FIRST SECURITY INSURANCE COMPANY OF AMERICA, R. Florenz Ourisman and J. Mandell Ourisman, trading as The Brothers Insurance Agency, and Ourisman Chevrolet, Inc., Appellees.

No. 2299.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 24, 1958.

Decided Feb. 24, 1959.

Rehearing Denied March 13, 1959.

---

Nathan L. Silberberg, Washington, D. C., for appellant.

James A. Willey, Washington, D. C., for appellee First Security Ins. Co.

Joseph B. Gildenhorn, Washington, D. C., for appellees Ourisman and Ourisman Chevrolet, Inc.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant Soper purchased a truck from appellee Ourisman Chevrolet. As part of the transaction he also bought a "$100 deductible" collision insurance policy through Ourisman Chevrolet and appellee Brothers Insurance Agency. This policy, covering "direct and accidental loss of or damage to the [truck] caused by collision of the [truck] with another object," was issued by appellee First Security Insurance Company.

While the policy was in effect, the truck was damaged beyond repair in a collision with another car in Virginia more than fifty miles from the District of Columbia. Soper demanded that he be reimbursed for his property damages, but was refused payment. He then brought this suit against all appellees.

The main defense put forward by First Security in its answer was that Soper had violated a "limitation of use" provision in the policy which prohibited regular or frequent trips to destinations more than fifty miles distant from the District of Columbia. Soper took the position that he was unaware that the policy he bought contained the use limitation provision; that his business required lengthy trips; that the defendants had knowledge of the situation and had wrongfully furnished him with an inadequate policy. He also contended that he had not made regular or frequent trips of over fifty miles within the meaning of the policy.

However, when the case came on for trial, First Security asked for leave of court to present an additional defense based on the fact that Soper had brought suit in the United States District Court for the Eastern District of Virginia against the driver and owner of the other car for both his personal injuries and the damage to his truck, and had obtained a settlement. Over Soper's objection, First Security was allowed to put in evidence to establish this defense. In his brief Soper continues his

attack on this discretionary ruling, but we cannot find any abuse. His counsel conceded below that he was not "surprised" by this defense.

This evidence showed that Soper had compromised his action in Virginia for the sum of $9,000. He executed a release discharging the defendants of all claims he might have against them as a result of the collision. Neither the release nor the check received by Soper indicated how the $9,000 may have been allocated between his two claims, that is, how much of it was compensation for his personal injuries, and how much for the damage to his truck.

This present action was brought for $1,521. This figure was calculated as follows: $1,750 as the value of the truck immediately before the accident, less $100 deductible under the policy, and $179 as the value of the salvage, for a net loss of $1,471. In addition, Soper asked $20, the cost of two trips to Virginia, and $30, the amount of the unearned premium on the policy, or a total of $1,521 claimed. First Security agreed to return the unearned premium of $30 but contested the remainder of the claim.

There was also evidence that Soper's attorney had advised First Security that he intended to prosecute the claim in Virginia against the driver and owner of the other car; that he had requested the insurance company to authorize him to proceed for it in the suit and consent was apparently refused.

 The case was tried to a jury and when all parties had rested the trial judge directed a verdict in favor of all defendants. This appeal followed. While the court did not give any reasons for its ruling, appellees here rely mainly on the defense that the Virginia suit and settlement barred the present action, and not at all on

the defense based on the "limitation of use" provision in the policy. Accordingly, we will not consider the latter point in our review.

Soper's initial argument, made without citation of any supporting authority, is that his release of the tort-feasor did not preclude his right of action on the policy for the damage to his truck. The short answer to this contention is that by the overwhelming weight of authority such a release, with certain exceptions, operates as a complete defense to a suit on the policy.[1] The rationale underlying this settled rule is that since the release barred any suit by the insurer against the tortfeasor, it thereby deprived the insurer of its right of subrogation granted it by the policy to enable it to recoup its loss from the wrongdoer. The policy requirement that the insured shall do nothing after loss to prejudice the insurer's right of subrogation was thus breached by the insured, and as a result the insured loses his right of action on the policy.

It is possible, however, that the insurer can, by its conduct, create an estoppel or bring about a waiver of its right to rely on the above stated rule as a defense. As stated by the annotator in 38 A.L.R.2d 1095, 1099,

"* * * such waiver or estoppel will arise where the insurer deliberately or negligently induces the insured to make the settlement with the tortfeasor, either by refusing or unreasonably delaying settlement under the policy, or by actually suggesting the insured's course of action."[2]

While not so articulated, Soper also seems to argue that First Security has waived its right to rely on the rule by its initial refusal to settle under the policy, thereby forcing him to secure his rights in

1. Rogers v. American Fidelity & Casualty Co., 52 N.J.Super. 254, 145 A.2d 344, 346–47 (1958), and numerous cases cited therein; annotation, 38 A.L.R.2d 1095.

2. See also, annotation, 16 A.L.R.2d 1270.

the Virginia suit. His evidence on this point was, to say the least, weak. The record before us leaves considerable doubt as to both the chronology and the details of the events occurring between the accident and the Virginia suit. Nonetheless, assuming without deciding that his evidence was sufficient to present a jury question as to whether First Security had waived its rights, it is our conclusion that a verdict was properly directed against his claim for still another reason: his failure to prove any damages.

As the case of Powers v. Calvert Fire Ins. Co., 216 S.C. 309, 57 S.E.2d 638, 16 A.L.R.2d 1261 (1950), has pointed out, a suit based on this theory·of waiver is one not for enforcement of the contract of insurance but for damages for its breach. There cannot be a double recovery for the loss of the truck. If there is a waiver, the insured may recover, as damages, any portion of his property damage which he does not obtain in his suit against the wrongdoer plus his expenses, including attorney's fees, incurred in the prosecution of that suit. Here, however, Soper offered no evidence to show that the portion of his $9,000 recovery allocable to his claim for property damage was less than his actual property damage, nor has he contended either in the trial court or this court that he was not fully compensated in the Virginia action for the damage to his truck. He argues in effect that he is entitled to a double recovery for the loss of his truck, a position which, as we have indicated, is untenable even if there was a waiver. As for his expenses sustained in the prosecution of the Virginia suit, he claimed none except $20 for two trips to Virginia. This sum is so small in relation to the other amounts sought here, that we are disposed to treat it as *de minimis* and affirm the judgments as entered. According, we hold that a verdict was properly directed in favor of First Security.

Finally, it is clear that if Soper has not sustained any damage, he cannot re- cover against the other defendants either, although his claims against them were not based strictly on the insurance contract. They also were entitled to a directed verdict.

Affirmed.