CLEAVELAND *v.* THE CHESAPEAKE AND PO-
TOMAC TELEPHONE COMPANY OF MARY-
LAND

[No. 198, September Term, 1960.]

48

*Decided April 5, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Arthur V. King,* with whom were *George H. Eggers* and *Joseph E. Byrne* on the brief, for appellant.

*Jerrold V. Powers,* with whom were *Sasscer, Clagett & Powers* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

A collision occurred between automobiles driven and owned by Frederick H. Thompson and Robert L. Cleaveland, respectively, at a place where it was claimed that a truck owned by the C. & P. Telephone Company partially blocked the highway. Thompson and his wife were seriously injured, and his car was damaged. Thompson's insurer, Interstate Insurance Company, paid his repair bill of $906.50, less the sum of $50.00, deductible under his collision policy.

Thompson and Interstate, as subrogee and use plaintiff, then sued Cleaveland. Cleaveland filed general issue pleas and

filed a third party declaration against the Telephone Company, with leave of court, alleging that its negligence was the sole cause of the accident or that it was a joint tort-feasor. The Telephone Company filed a general issue plea and moved for summary judgment on the ground that Thompson and his wife had, prior to the institution of suit, received payment of $8,750.00 and had executed a release, attached to the motion, of Cleaveland and the Telephone Company from all claims for personal injuries and property damage arising out of the accident.

The judgment was entered but reopened to permit the introduction of an affidavit on behalf of Cleaveland and his insurer, Federal Mutual Insurance Company, under a liability policy, alleging that the Telephone Company, the third party defendant, had notice of the claim for personal injuries and the subrogation claim for property damage and participated in discussions and negotiations for settlement, although it denied liability and refused to contribute thereto; that Federal paid the sum of $8,750.00 in settlement of the personal injuries claims; that the third party defendant knew of the settlement and knew it was the intention of the parties to settle only the personal injuries claims; and that there was no settlement of the use plaintiff's property damage subrogation claim. Attached to the affidavit was a copy of the claim draft in payment of the release which recited that it was in full and final settlement of all claims arising out of the accident.

The trial court refused to strike the summary judgment, and this appeal was taken by the defendant and third party plaintiff. The original plaintiffs did not appeal. For present purposes it is conceded that the third party plaintiff has standing to appeal by reason of his potential right to contribution. Cf. *Northwest'n Nat. Ins. Co. v. Rosoff*, 195 Md. 421; *O'-Keefe v. Baltimore Transit Co.*, 201 Md. 345; and *Keitz v. National Paving Co.*, 214 Md. 479. See also Maryland Rule 315.

The appellant contends that the release of all claims to the plaintiff did not bar the right of plaintiff's subrogee to pro-

ceed against a third party defendant or the right of a third party plaintiff to assert that right in order to obtain contribution, where the third party defendant, as well as the parties to the release, had notice of the subrogee's interest prior to the execution of the release. The appellee does not deny that it knew of the pending settlement and release, although it maintains that the release and claim draft speak for themselves and must be taken to release all claims, regardless of the alleged contrary intention of the parties. It also admits that it knew Interstate had paid the property damage claim, less $50.00, at the time of the negotiations and release and that it had then become a subrogee *pro tanto*.

The cases and text writers generally take the position that where third parties, who may be liable to an insured for a loss, effect a settlement with the latter and obtain a release from all liability with knowledge of the fact that an insurer has already paid the amount of its liability to an insured, the settlement and release will not bar the assertion of the insurer's right of subrogation. The reasoning seems to be that such release is a fraud on the insurer and constitutes no defense against it in an action to enforce its right of subrogation. See 8 Couch, *Insurance* § 2001; Vance, *Insurance* (3d ed.) § 134, p. 794; 5 Joyce, *Insurance* (2d ed.) § 3544, p. 5888; 6 Appleman, *Insurance* § 4092; cf. 2 Richards, *Insurance* (5th ed.) § 196. See also *Calvert Fire Insurance Company v. James,* 114 S. E. 2d 832 (S. C.); *United Pacific Insurance Co. v. Schetky Equipment Co.,* 342 P. 2d 766 (Ore.); *Bahn v. Shalev,* 125 A. 2d 678 (D. C. Mun. App.); *City of New York Ins. Co. v. Tice,* 152 P. 2d 836 (Kan.); *Ocean Acc. & Guar. Corp. v. Hooker Electro-Chemical Co.,* 147 N. E. 351 (N. Y.); *Wolverine Ins. Co. v. Klomparens,* 263 N. W. 724 (Mich.); *Sharp v. Bannon,* 258 S. W. 2d 713 (Ky.). See also Note, 7 Ark. L. Rev. 144, and King, *Subrogation Under Contracts Insuring Property,* 30 Tex. L. Rev. 62, 87 *et seq.* It is recognized, however, that if the settlement is effected before the claim is paid, the subrogee has lost its cause of action. Cf. *Noma Elec. Corp. v. Fidelity & Dep. Co.,* 201 Md. 407, 410, and *Packham v. German Fire*

*Ins. Co.,* 91 Md. 515. But that is not the situation in the instant case.

The appellee contends that if the settlement was a fraud upon the rights of the subrogee, it took no action in regard thereto except to deny liability. While we have found no case directly in point, we think it cannot claim the benefit of the release when it was on notice that the release purported to extinguish the claim of a subrogee who was not a party to it. Under such circumstances we think the release is not a good defense as against the claim of the third party plaintiff for contribution even though under some circumstances the subrogee might have had a claim against its insured for a portion of the sum collected. Cf. *Allied, etc., Ins. Co. v. Loveman,* 216 Md. 63, 69.

The appellee further contends that the result is to split a cause of action, contrary to the Maryland cases. *Vane v. C. Hoffberger Company,* 196 Md. 450, 455; *Packham v. German F. Ins. Co., supra.* We do not agree. Even though the cause of action against the appellant may be regarded as indivisible, the appellant, as defendant, under Maryland Rule 315, has a right to implead a third party and assert the invalidity of the third party's defense based on the release, which defense we have found above to be invalid. Whether the defendant could maintain an independent action for contribution is a question we do not reach in the instant case. Cf. *Trieschman v. Eaton,* 224 Md. 111.

> *Judgment reversed and case remanded for further proceedings not inconsistent with the views here expressed, costs to be paid by the appellee.*