**FEDERAL INSURANCE COMPANY,**
Plaintiff,

v.

**PLAZA DRUGS, INCORPORATED,**
Defendant.

Civ. A. No. 3559–69.

United States District Court,
District of Columbia.

Dec. 2, 1971.

David Grimaldi, Washington, D. C., for plaintiff.

F. Wainwright Barnes, Washington, D. C., for defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

YOUNGDAHL, Senior District Judge.

The present case came before this Court for trial before a jury on November 9, 1971, defendant's motion for summary judgment having previously been denied without prejudice by another judge of this District Court. In studying the record prior to trial and observing that the motion for summary judgment would be renewed, the Court carefully researched the law involving the issues raised in said motion. On the morning of the trial before calling for a jury

the Court heard oral arguments on the renewal of said motion for summary judgment.

The facts in this case indicate that a fire occurred on June 8, 1969 in an apartment building located at 2000 P Street, N. W., in the District of Columbia. The building was owned by Wade Apartments, Inc. and a portion of that building was leased to Plaza Drugs, Inc. Plaza Drugs had a lease with Wade Apartments entitling it to occupy a portion of the ground floor until December 31, 1969. Wade Apartments was evidently desirous of terminating that lease at an early date. Thus on September 20, 1968 an "Agreement For Surrender of Lease and Mutual Release" was executed between Wade and Plaza Drugs. In consideration of Plaza's agreement to surrender the premises on September 30, 1968, Wade Apartments agreed to discharge Plaza from a certain unpaid percentage rental and from any and all liability which Plaza might have for damages suffered by Wade in the June 8th fire.

Later, on December 16, 1968, Hilbert S. Sabin, President of Wade, signed a sworn statement in proof of loss in order to receive indemnification from his insurance carrier, Federal Insurance Company. In that sworn statement he claimed the sum of $13,048.72 payable to Wade Apartments, Inc. On that same date Mr. Sabin signed a release and subrogation receipt, acknowledging payment of $13,048.72 by Federal Insurance Company.

In part that receipt reads as follows:

Warranted no settlement has been made by the undersigned with any party, person, persons, property or corporation against whom a claim may lie, and no release has been given to anyone responsible for the loss, and that no such settlement will be made nor release given by the undersigned without the written consent of the said Company * * *.[1]

Obviously this statement was false as Wade had previously released Plaza Drugs from any and all liability from the fire.

On December 16, 1969 Federal Insurance Company filed suit in the United States District Court for the District of Columbia as subrogee of Hilbert S. Sabin and Wade Apartments, Inc. seeking $13,048.72 as reimbursement from Plaza Drugs, Inc., whom it claims negligently and carelessly caused and permitted to occur the aforementioned fire.

In its answer Plaza Drugs alleges that the plaintiff's claim is barred by Plaza's release agreement with Wade Apartments; and in a separate motion Plaza Drugs moves for summary judgment.

In its opposition to the motion for summary judgment Federal asserts that Wade's release of Plaza does not affect the subrogation interests of Federal against Plaza because Plaza had knowledge of the existing subrogation claim at the time it signed the release. To support its claim that Plaza had such knowledge Federal has produced the affidavit of Bobbie S. Collins in which she swears that prior to September 20, 1968 the office of Robert W. Green Associates, Inc., as investigating agents for Federal, "engaged in various discussions concerning the subrogation interest of Federal Insurance Company with officers/agents/servants/employees of Plaza Drugs Incorporated." [2]

Moreover, Federal asserts that Wade has received a double benefit insofar as it has received both the consideration for the release from Plaza and the insurance payment from Federal. Therefore, Federal insists that equity demands Wade be made a third party defendant in this case and that Federal should receive remuneration and reimbursement from either Plaza or Wade, "depending upon the

1. Release and Subrogation Receipt, filed April 16, 1970, in Civil Action No. 3559–69.

2. Affidavit, filed May 22, 1970, in Civil Action No. 3559–69.

relationship between those two companies, following the signing of the Release."[3]

Finally, Federal avers the existence of a factual issue in regard to whether the release was intended to be conditional, complete, or partial, and as to whether it was supported by adequate consideration.

First, considering this final set of allegations, it is abundantly clear from the language of the release that it was the intention of the parties that the release be complete and extend to any and all claims. The pertinent parts of that release provide:

> Landlord and Tenant by these presents do each themselves, their successors and assigns, remise, release and forever discharge each other, their successors and assigns, from any and all claim or claims, all manner of action or actions, cause or causes of action, suits or demands whatsoever, which each has ever had, presently has, or may have against the other, not only arising out of their landlord and tenant relationship, but in connection with any and all matters in the world, including but not limited to, the aforesaid unpaid percentage rental and any damages the landlord may have suffered by reason of the said fire and for any other obligation either party may have to the other under the written leases and not arising out of this agreement of cancellation and surrender.[4]

■ Plaintiff's claim of inadequate consideration is equally frivolous. As noted above, the early termination of Plaza's lease was the consideration exchanged for the release.

■ Any serious consideration of plaintiff's opposition to defendant's summary judgment motion must begin with plaintiff's assertion that the release does not bar its action against Plaza because Plaza had knowledge of plaintiff's subrogation claim at the time it signed the release. It is generally held that a release of the alleged tort-feasor from liability on the insured loss by the insured prior to the payment of the insured's claim by the insurer bars the insurer from asserting a right of subrogation, at least in the absence of fraud or collusion against the insurer. Phillips v. Worthen, 220 Ark. 877, 251 S.W.2d 118 (1952); New York Insurance Co. v. Louisville & N. R. Co., 285 Ky. 561, 148 S.W.2d 710 (1941); Tyre v. Andrews, 9 Terry 390, 48 Del. 390, 104 A.2d 775 (1954); Cleaveland v. Chesapeake & Potomac Tel. Co., 225 Md. 47, 169 A.2d 446 (1961); Service Fire Insurance Co. v. Nicosia, 38 Del. Co.Rep. 200 (1951); Calvert Fire Ins. Co. v. James, 236 S.C. 431, 114 S.E.2d 832 (1960). See also 16 Couch, Insurance [2d Ed.] § 61:190; Annotation, 92 A.L.R.2d 102, 112–115; 44 Am.Jur.2d, Insurance, § 1836. There is also language in Soper v. First Security Insurance Co. of America, D.C.Mun.App., 148 A.2d 580 (1959) which implies that this general rule is the law in this jurisdiction as well. The Soper case held that a release of the tort-feasor by the insured before payment by the insurer is a complete defense to an action on the insurance policy by the insured because that release bars the insurer from exercising its right of subrogation under the insurance contract.

In support of its contentions that Plaza's knowledge of the policy made the release invalid as a defense against Federal plaintiff cited two District of Columbia cases.[5] Both are inapposite to this case because in those cases the insurance companies paid their insured's claims before the alleged wrong-doer was released. Thus in both of those cases the insurer

---

3. Points and Authorities in Support of Opposition to Defendant's Motion for Summary Judgment, filed May 22, 1970, in Civil Action No. 3559–69.

4. Agreement for Surrender of Lease and Mutual Release, filed April 16, 1970, in Civil Action No. 3559–69.

5. Bahn v. Shalev, D.C.Mun.App., 125 A. 2d 678 (1956); Morris v. Byrd, D.C. Mun.App., 131 A.2d 743 (1957).

had an existing right of subrogation at the time of the release. In the present case the insurer had not paid the insured and therefore had no right of subrogation at the time of the release. Bunge Corp. v. London & Overseas Ins. Co., 394 F.2d 496 (2d Cir. 1968).

Thus even if Plaza Drugs had knowledge of the insurance policy and knew that Federal would become subrogated to the rights of Wade upon payment of the claim, the release signed before such payment would still bar recovery by Federal in the absence of fraud or collusion between Plaza Drugs and Wade. In its answers to interrogatories and at the oral hearing Federal specifically stated that it was not claiming fraud or collusion. In Service Fire Insurance Co. v. Nicosia, *supra*, a case similar to the present one, the insurance company had notified the alleged tort-feasor prior to its release that the company was the insurer and that if, upon investigation, the company determined that the alleged tort-feasor had been negligent it would look to that party for reimbursement. Nonetheless, the court there held that the insurer's right of action against the defendant did not arise or become complete until it paid the loss to the insured and thereby became subrogated to his rights. Thus at the time of the release the insurer who had not yet paid the claim, had no subrogation interests and despite the tort-feasor's knowledge, the release barred the insurer's later claim. This Court finds that case persuasive and finds that there is no genuine issue of fact on the question of knowledge. The only knowledge that would be of material relevance here would be knowledge of an existing right of subrogation, and, as has been demonstrated, no such right existed at the time of the release.

 Finally Federal's claim that equity demands that the court make Wade a third party defendant is totally without merit. Since Wade fraudulently represented to Federal that it had made no settlement and given no release to anyone responsible for the loss, it is clear that Federal has an action against Wade. During oral arguments the Court brought this right of action to the attention of plaintiff, who indicated that it did not desire to bring suit against its insured. Be that as it may, there is nothing either in law or equity that justifies the continuation of this suit against Plaza Drugs. Therefore, in accordance with Rule 56(c) of the Federal Rules of Civil Procedure, it is, this 2nd day of December, 1971,

Ordered that the defendant's motion for summary judgment is hereby granted.