## Crouthamel Estate

*John E. Landis,* for accountant.
*Catherine R. Barone,* for Commonwealth.

TAXIS, *P. J.,* January 15, 1975—Exceptions have been filed to the court's July 31, 1974, opinion sur appeal from assessment of tax, wherein the bequest in item THIRD of testator's will, which reads

"I give the sum of Two Thousand Dollars ($2,000.00) to the Trustees of the Church of the Brethren, Hatfield, Pennsylvania, for the perpetual care, maintenance and upkeep of the graves of my father and mother, Jacob Crouthamel and Maria Crouthamel."

was ruled to be deductible under section 616 of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, 72 PS §2485-616.

Upon further consideration, the court determines that the bequest is not deductible, and tax was properly assessed.

Section 616 of the act states:

"Bequests or devises in trust, or funds placed in trust after decedent's death, or funds paid under a contract after decedent's death, in reasonable amounts, to the extent that such funds or the income therefrom are to be applied to the care and preservation of the family burial lot or other final resting place in which the decedent is buried or the remains of the decedent repose, and the structure thereon, shall be deductible."

It will be seen that the act requires that the testator be buried in the lot which the bequest is intended to maintain. This testator is not buried in the lot in question, and therefore the bequest to maintain his parents' lot is not deductible under section 616. The cases cited by the estate (e.g., Hetrick Est., 78 D. & C. 52, 1951) were decided under the law applicable prior to 1962, when all that was required to sustain the deduction for a bequest such as this (in addition to reasonableness of amount) was that it be for a "family burial lot." Such cases are not relevant to the present controversy. As the official comment to section 616 makes clear, now it is a prerequisite to deductibility that the decedent be buried in the lot as to which the expense is incurred, and this "changes the rule of Hetrick Est." See Grossman & Smith Pa. Inheritance and Estate Tax, §§616-1.4, 616-2 (rev. ed.).

Nor is the bequest exempt from tax as a charitable gift: Dreisbach Est., 384 Pa. 535 (1956). The validity of a perpetual cemetery care trust for substantive purposes notwithstanding, the rule against perpetuities (Probate, Estates and Fiduciaries Code of June 30, 1972 (No. 164), P.L. 508, sec. 6104(b)(2)) does not render it charitable. Nor does ownership of the cemetery by the church render the cemetery a public charity: Chester Monthly Meeting Petition, 47 Del. 389, 48 Del. 391, 23 D. & C. 2d 728 (1961). The bequest is not one for the general use of the church nor of its cemetery generally, so that it cannot be equated with an unrestricted gift to a church or church cemetery which would qualify for the charitable exemption provided by section 302 of the act.

The estate contends that the bequest, if taxable, is for the "benefit" of lineal (class A) transferees—the testator's parents—and therefore taxable at six percent rather than the higher class B rate. It is true that gifts "to or for the use of" parents are taxable at six percent, but it would be an unrealistic interpretation of the phrase "for the use of" to extend it to maintenance of a deceased parent's burial lot. Obviously, "for the use of" refers to equitable interests benefiting the legatee, such as a life estate, rather than an outright gift "to" him. To that extent, a gift need not be direct and absolute to a parent to qualify for the six percent rate, and may be an equitable interest, but the "use" which the deceased parents will obtain from the care of their burial lot is not such as will justify treating the cemetery care bequest as if it were a gift "to or for the use of" the parents. See Sobieski Est., 16 Fiduc. Rep. 549 (1966).

Hampton Est., 8 Fiduc. Rep. 605 (1958), cited by the estate, is inapposite. That case simply held that

payment from trust principal of the life beneficiary's burial expense, being proper under the terms of the trust, was to be treated as a distribution to her which was taxable at the lineal rate applicable to her. The issue there was one of defining the extent of the life beneficiary's interest in the trust, which included payment of what would otherwise have been her (or her estate's) legal liability; Hampton Estate establishes that payment of a life beneficiary's debt is in fact payment to her, but that provides no guidance in this very different factual situation.

And now, January 15, 1975, the Commonwealth's exceptions are sustained and the appeal from inheritance tax assessment is dismissed.